UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PHILLIS CONE<br>Plaintiff | * * * | CASE NO. 2:18-cv-01247 |
| VERSUS | * * | JUDGE FELDMAN |
| DOLLAR GENERAL CORPORATION<br>Defendant | * * * | MAGISTRATE KNOWLES |
| | * | A JURY IS DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT DG LOUISANA, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, DG Louisiana, LLC (improperly captioned "Dolgencorp, LLC Store #4119") (hereinafter "Dollar General"), who respectfully submits this Reply Memorandum in support of its Motion for Summary Judgment. For the following reasons, no genuine issues of material fact exist, and Dollar General is entitled to judgment as a matter of law.

### I. PLAINTIFF HAS NOT PRODUCED ANY EVIDENCE TO CREATE AN ISSUE OF FACT AS TO CONSTRUCTIVE NOTICE

Plaintiff argues that there is an issue of fact with respect to whether DG Louisiana, LLC, had constructive notice of the alleged condition. However, Plaintiff has produced no evidence to create an issue of fact regarding constructive notice.

3

Plaintiff's argument that the surveillance video creates an issue of fact with respect to constructive notice is without merit. As shown in Exhibit "B" to Plaintiff's Opposition, the condition **cannot be seen in the surveillance video footage**. However, Plaintiff asks this Court to *assume* the condition was present for some time prior to plaintiff's fall to establish constructive noticed based on her contention that the surveillance video does not show the condition being created prior to the fall. Surveillance video showing the *absence* of the condition is certainly not *positive evidence* that the condition was present for some time as require by the Louisiana Supreme Court in *White*. 97-0393 (La. 9/9/97); 699 So.2d 1081.

In *Taylor v. Wal-Mart*, the United States Fifth Circuit held that surveillance video that does not show the condition on the floor before the accident or the source of the condition is insufficient to create an issue of fact as to constructive notice. 11-30742 (5th Cir. 2012); 464 Fed. Appx. 337. The video in *Taylor* captured an hour of footage leading up to the incident, and the substance was not visible in the video. The Court noted:

> **The video merely shows the passage of time** and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show other slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. **To conclude what the plaintiff asks would require the court to draw a series of impermissible inferences unsupported by this summary judgment record**.

*Id.* at 339. (emphasis added). Likewise, in *Shewanda Hubbard v. Winn-Dixie Montgomery, LLC*, this Court found that the production of a video, which does not show the condition, is insufficient to create an issue of fact on constructive notice. 2014 WL 1050768 (E.D. La. 3/7/14).

As in *Taylor*, the instant plaintiff is asking this Court to *infer* that the condition existed for some time prior to the fall to establish constructive noticed based on the surveillance video, which

4

**does not show the presence of the alleged condition** or the creation of the condition. Like in *Taylor*, the instant surveillance video shows "merely the passage of time," and this Court should find that the surveillance video is insufficient to create an issue of fact with respect to the constructive notice element of Plaintiff's claim. *Taylor*, 464 Fed. Appx. At 339. Furthermore, the video depicts customers walking through the area without any issue both before and after the accident.

Plaintiff alleges that there were 13 employees in the "vicinity" of the accident before the accident, and therefore, DG Louisiana, LLC, had constructive notice of the condition. (Plaintiff's Opposition, p. 6). However, the Louisiana Merchant Liability Statue clearly states that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew…of the condition." La. R.S. 9:2800.6 (C)(1). As such, the presence of an employee in the vicinity does not create an issue of fact as to summary judgment.

Next, Plaintiff produces portions of the Dollar General Standard Operating Procedures to create an issue of fact as to summary judgment. (Plaintiff's Opposition, p. 7). However, Dollar General's policies and procedures are irrelevant to summary judgment as to constructive notice. Instead, the policies and procedures are relevant to whether Dollar General exercised **reasonable care**. However, as that element of Plaintiff's claim (the "reasonable care" element) is not addressed in the underlying Motion for Summary Judgment, this Court should ignore this argument.[1]

Finally, Plaintiff's claims that she saw milk tabs in a different area of the store on a date after the accident is irrelevant to constructive notice of the condition on the date of the accident. (Ex. 1,

---

[1] Further, even if this Motion for Summary Judgment did address the "reasonable care" element, which it does not, La. R.S. 9:2800.6(B)(3) clearly states that "the absence of written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care."

5

Corporate deposition, pp. 131-132 testifying the picture produced by Plaintiff shows a different area of the store).

## II. PLAINTIFF'S ARGUMENTS RELATED TO CAUSATION ARE WITHOUT MERIT.

Plaintiff's arguments related to causation are without merit. As stated in Defendant's Motion for Summary Judgment, Plaintiff testified at her deposition that she does not know what caused her to slip and only *assumes* that the piece of plastic she found on the ground after the accident caused her to slip. (Ex. "A" to Motion for Summary Judgment, Plaintiff's Deposition, pp. 106-107, 113-115). Plaintiff further testified that she did not see anything on the ground right after the accident and **felt that she may have just lost her balance**. *Id.* at 106-107.

Plaintiff's counsel argues that although Plaintiff testified at her deposition that she found the piece of plastic on the ground 20 minutes after the accident, the video shows her finding the piece of plastic two minutes after the accident. However, the timing of Plaintiff discovering the milk tab is irrelevant to causation. The fact remains that Plaintiff testified at her deposition that **she does not know what caused her to slip and just assumed that the piece of plastic**, which she found after the accident, caused her to slip. *Id.* at 106-107, 111-112, 113-115. It does not matter whether she found the piece of plastic two minutes after the incident or twenty minutes after the accident. The only relevant fact to causation is that Plaintiff testified that she does not know whether she slipped on the piece of plastic and felt that she may have just lost her balance. *Id.* For this reason, this court should find that there is no issue of fact as to causation.

Attached to Plaintiff's Opposition is a self-serving affidavit that directly contradicts her prior deposition testimony. In that affidavit, she states that she is now sure that she slipped on the milk tab.

6

(*See* Ex. "D" to Plaintiff's Opposition to Motion for Summary Judgment, Plaintiff's Affidavit). However, this Court cannot consider this fact in evaluating the Motion for Summary Judgment; Louisiana state and federal courts do not consider self-serving affidavits submitted in opposition to Summary Judgment when the affidavit contradicts that witness' prior deposition testimony. *S.W.S. Errectors, Inc. v. Infax, Inc.*, 72 F3d 489 (5th Cir., 1/17/96); *Pillow v. Roymar Ltd. Partnership*, 15-730 (La. App. 5 Cir. 6/30/16) 197 So.3d 348. As such, this Court should not consider Plaintiff's self-serving affidavit, which contradicts her prior sworn testimony, as the affidavit was created for the sole purpose of defeating the Motion for Summary Judgment.

Finally, Plaintiff argues that she did in fact testify in her deposition that the milk tab caused her to slip. This is a misrepresentation to this Court. The portions of Plaintiff's deposition cited in her Opposition do not stand for that proposition. Instead, as cited in Defendant's Motion for Summary Judgment, Plaintiff unequivocally testified that she was not sure if she lost her balance or slipped on the milk tab. (Ex. "A" to Motion for Summary Judgment, Plaintiff's Deposition, pp. 106-107, 113-115). As such, this Court should find that there is no issue of fact with respect to causation and DG Louisiana, LLC is entitled to summary judgment as a matter of law.

### III. PLAINTIFF'S ARGUMENTS REGARDING WHETHER THE CONDITION CREATED AN UNREASONABLE RISK OF HARM ARE IRRELEVANT TO SUMMARY JUDGMENT.

Plaintiff's arguments regarding whether the condition created an unreasonable risk of harm are irrelevant to summary judgment. Plaintiff cites *Geurro v. Brookshire Grocery Store Co.*, 165 So.3d 1092 (La. App. 2 Cir 2015) and *Morris v. Home Depot, U.S.A., Inc.*, No. 12-1700, 2013 WL 4508175 in opposition to Summary Judgment. (Plaintiff's Opposition, pg. 4). However, these cases both address whether a condition creates an **unreasonable risk of harm**. As the underlying Motion

7

for Summary Judgment does not address the "unreasonable risk of harm" element of Plaintiff's claim, these cases are irrelevant and are red herrings. Instead, the underlying Motion for Summary Judgment argues that there is no issue of fact with respect to the **constructive notice** and **causation elements** of Plaintiff's claims. As the *Geurro* and *Morris* cases do not address the constructive notice and causation elements of Plaintiff's claim, this Court should not consider Plaintiff's references to these cases as they are irrelevant.

### III. CONCLUSION

For the aforementioned reasons, summary judgment in favor of Dollar General is appropriate. Plaintiff is required to make a positive showing that Dollar General had actual or constructive notice of the presence of a substance on the floor prior to the incident or that the subject condition caused her to slip. As such, Plaintiff will not be able to meet her burden of proof at trial, and Defendant is entitled to summary judgment as a matter of law.

Respectfully Submitted:

/s/ Kathryn T. Trew
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
LINDSAY G. FAULKNER (33863)
WANEK KIRSCH DAVIES LLC
1340 Poydras St., Ste. 1810
New Orleans, LA 70112
Telephone: (504) 324-6493
Telecopier: (504) 324-6626
ATTORNEYS FOR DEFENDANT
DG LOUISIANA, LLC

8

## CERTIFICATE

I do hereby certify that I have on this 14th day of February, 2019, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Eastern District of Louisiana ECF system.

/s/ Kathryn T. Trew