UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PHILLIS CONE                                          CIVIL ACTION

v.                                                    NO. 18-1247

DG LOUISIANA, LLC                                     SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This slip-and-fall case arises out of a Dollar General customer's claim that she slipped on a piece of plastic and sustained serious injuries while shopping for potato chips.

On December 29, 2016, Phillis Cone, accompanied by her two grandchildren, visited a Dollar General store located in Bush, Louisiana. As Ms. Cone approached the potato chip aisle, with her grandchildren trailing behind, she allegedly slipped and caught her right arm on a potato chip rack. Although an incident report was not completed, Dollar General's surveillance video footage captures the forty-one minutes preceding Ms. Cone's slip-and-fall, as well as the incident itself.[1] Referring to the plastic object

---

[1] The viewer can see countless customers and employees walk through the area in which the plaintiff eventually falls without incident. It does not appear from the video that anyone, either Dollar General employee or shopper, looks to the area where the plastic object was alleged to be present, and no other person appears to

1

as a "milk tab," Ms. Cone attributes the cause of her slip-and-fall to a white, circular, plastic lid used to seal a jug of milk.

As a result of the incident, Ms. Cone allegedly sustained a tear to her right rotator cuff and a disc bulge at the L4-L6 levels. Cone sued DG Louisiana, LLC ("Dollar General") on December 27, 2017 in the 22nd Judicial District Court for the Parish of St. Tammany, asserting that Dollar General's negligence caused her injuries. On February 7, 2018, Dollar General removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. Dollar General now seeks summary judgment in its favor, contending that Ms. Cone cannot prove all of the essential elements of her claim under Louisiana's Merchant Liability Act, La. R.S. § 9:2800.6, or establish that the piece of plastic caused her to fall.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as

---

slip when passing over the area. No plastic object is visible on the ground at any time.
　As for the incident itself, forty-one minutes into the video, the viewer can see the plaintiff slip as she makes a right turn onto the potato chip aisle. As she slips, her right arm hits the corner of a rack, which prevents her from falling. She then turns to see what caused her to slip and appears to kick something with her flip flop sandal, after which she continues to proceed down the aisle. Less than a minute later, she returns to the scene of the incident and points to the ground, at which time her grandson appears to pick up and hand her something. At that point, the footage clearly shows a small, white object in the plaintiff's hand; that object is not visible at any earlier time during the video.

to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not

significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted).

## II.

### *A.*

The Louisiana Merchant Liability Act, La. R.S. § 9:2800.6, establishes the plaintiff's burden of proof in slip-and-fall claims against merchants like Dollar General:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free

of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, **the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following**:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
. . .

La. R.S. § 9:2800.6 (emphasis added). Louisiana law is clear that a plaintiff must prove each of the three elements set forth in the

Act; this "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." Jones v. Brookshire Grocery Co., 847 So.2d 43, 48 (La. App. 2 Cir. 5/14/03). Moreover, the burden of proof under the Act never shifts to the defendant. Melancon v. Popeye's Famous Fried Chicken, 59 So. 3d 513, 515 (La. App. 3 Cir. 2011) (citing White v. Wal-Mart Stores, Inc., 699 So. 2d 1081 (La. 1997)). Thus, the Act is a "decidedly pro-defendant statute." Welch v. Winn-Dixie Louisiana, Inc., 655 So.2d 309, 314 (La. 1995).

*B.*

Here, the parties dispute whether Dollar General had constructive notice of the injury-causing condition prior to Ms. Cone's fall.[2] In that vein, the Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the incident. See White v. Wal-Mart Stores, Inc., 699 So. 2d 1081 (La. 1997); see also Courville v. Target Corp. of Minn., 232 F. App'x 389, 391-92 (5th Cir. 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See White, 699 So. 2d at 1084. "Though the time period need not be specific in minutes or hours," the

---

[2] Cone does not contend that Dollar General created or had actual notice of the hazardous condition.

6

Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element. Id. at 1084-85. This temporal component -- whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard alleged (here, a milk tab) -- is a question of fact, which the plaintiff must prove. Id. at 1084.

To meet her burden, the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall." Leger v. Wal-Mart La. LLC, 343 F. App'x 953, 954 (5th Cir. 2009); see Babin v. Winn-Dixie Louisiana, Inc., 764 So. 2d 37, 40 (La. 2000). "'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" Bagley v. Albertson's, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La. App. 2d Cir. 2003)).[3]

---

[3] The Court emphasizes that this guidance is of particular significance in a summary judgment setting.

7

*C.*

In question is whether Ms. Cone can, on this record, point to a genuine dispute of material fact as to whether the milk tab persisted on the floor for a period of time sufficient to support constructive notice. Invoking the statutory definition of constructive notice, Dollar General insists that the plaintiff has failed to show, on this record, that the condition existed for such a period of time that it would have been discovered had Dollar General exercised reasonable care. See La. R.S. § 9:2800.6(C)(1). In making this assertion, Dollar General relies on the plaintiff's deposition testimony that she does not know how long the piece of plastic was on the ground on the day of the incident, or how the piece of plastic came to be on the ground.

Ms. Cone responds that the surveillance video, taken over the forty-one-minute period before she slipped, clearly establishes that a plastic object existed on the floor for at least forty minutes without any Dollar General employee attempting to clear the area. She urges the Court to infer that, because the area of the incident remained virtually unchanged during this time, the milk tab must have been on the ground before the video began, or for at least forty-one minutes before her fall. But, in making this argument, Ms. Cone attempts to shift the burden to Dollar General that the condition was *not* created before the video began. And the Louisiana Supreme Court, quite directly, has made clear

that "the statute provides for no such shift." White, 699 So. 2d at 1085.

Two cases invoked by Dollar General concerning ambiguous surveillance footage provide helpful guidance. In Taylor v. Wal-Mart Stores, Inc., the U.S. Court of Appeals for the Fifth Circuit affirmed this Court's holding that video footage failed to demonstrate the existence of a spill on the floor for any period of time before the plaintiff's fall. 464 F. App'x 337 (5th Cir. 2012) (per curiam). The Fifth Circuit agreed with this Court that:

> The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this court to draw a series of impermissible inferences unsupported by this summary judgment record.

Id. at 339 (quoting Taylor v. Wal-Mart Stores, Inc., No. 10-1503, 2011 U.S. Dist. LEXIS 87020, at *9-10 (E.D. La. Aug. 8, 2011) (Feldman, J.)).

Similarly, in Hubbard v. Winn-Dixie Montgomery, LLC, another Section of this Court held that surveillance footage of the area in which a grocery store shopper fell did not create an issue of fact as to constructive notice. No. 13-0504, 2014 U.S. Dist. LEXIS 35105 (E.D. La. Mar. 17, 2014) (Fallon, J.), affirmed by 593 F. App'x 418 (5th Cir. 2015) (per curiam). Because the video "d[id] not show any liquid on the floor, anyone or anything causing liquid

9

to be put on the floor, anyone slipping or avoiding a liquid on the floor, or anyone attempting to remove a liquid from the floor," the Hubbard court reasoned, the footage was "not probative—nor even suggestive—of th[e] fact" that liquid was on the floor from the beginning of the video. Id. at *6-7.

As in the Taylor and Hubbard videos, the surveillance footage on this record shows nothing more than the passage of time and lacks any visual evidence of a plastic object on the floor. It does not show someone or something placing the object on the ground, and it does not show others slipping or attempting to avoid the area. To the contrary, the video depicts several other customers walk down the same aisle without incident immediately prior to the plaintiff's loss of balance.

The plaintiff also attempts to create a fact issue by pointing to milk delivery records, which demonstrate that milk was delivered to the store on the morning of the incident, and her affidavit, in which she attests that she saw "several milk tabs in the aisle by the dairy section" when she returned to the store nearly one month later. She contends that such "circumstantial evidence . . . is sufficient to establish a positive showing that it is more likely than not that the hazardous condition at issue existed for such a period of time as to create constructive notice of Dollar General." But, "[t]o conclude what the plaintiff asks would require this court to draw a series of impermissible inferences unsupported by

10

this summary judgment record." See Taylor, 464 F. App'x at 339 (quoting Taylor, 2011 U.S. Dist. LEXIS 87020, at *10). "Such speculation," the state high court instructs, "falls short of the factual support required to establish that plaintiff will be able to satisfy her evidentiary burden of proof at trial." See Babin, 764 So. 2d at 40; see also Bagley v. Albertson's, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (quoting Allen v. Wal-Mart Stores, Inc., 850 So. 2d 895, 898-99 (La. App. 2d Cir. 2003)) ("'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'").[4]

The plaintiff also seeks the shield of a fact issue by emphasizing that Dollar General employees were in the vicinity of the incident countless times before the fall and took no measure

---

[4] Although "[t]he Court may consider circumstantial evidence when determining whether the temporal element of the statute is satisfied," here the circumstantial evidence the plaintiff presents does not "rationally point[] to the possibility that the hazard existed for some time before the plaintiff encountered it." Zachary v. Macy's Retail Holdings, Inc., No. 09-868, 2010 U.S. Dist. LEXIS 54085, at *7-8 (M.D. La. Jun. 2, 2010) (Feldman, J.). Compare Demouy v. Sam's Wholesale, Inc., No. 10-2295, 2011 WL 2981117, at *2 (La. App. 1 Cir. Jun. 10, 2011) (finding that where a surveillance video was inconclusive as to whether a spill occurred in its time frame, grant of store's summary judgment motion was not improper) with Nelson v. Southeast Food, Inc., 39,157 (La. App. 2 Cir. 1/28/05); 892 So. 2d 790, 797-98 (La. App. Cir. 2005) (finding that where a surveillance video conclusively showed liquid was on the floor for more than twenty-four minutes, it supported constructive notice).

11

to ensure that the premises were free of any hazardous condition. But, as the statute itself mandates and instructs concerning the definition of constructive notice: "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. § 9:2800.6(C)(1). Relatedly, the plaintiff attempts to create a fact issue by pointing to the absence of mandated periodic inspections; she contends that Dollar General's manual does not require employees to inspect the floor for hazardous conditions with any regularity other than once daily. But, this too fails to support an inference that the milk tab was on the floor for any period of time.

Ultimately, the plaintiff has presented nothing on this record that the condition existed for some period of time prior to her fall. Bound by the patently protective character of Louisiana's Merchant Liability Act, the Court finds that the plaintiff fails to establish an essential element of her claim as required by Louisiana law and that Dollar General is entitled to judgment as a matter of law.[5]

---

[5] Having determined that Ms. Cone's assertions fail to create a "positive showing of the existence of the [milk tab]" for some time period "prior to the fall," Leger, 343 F. App'x 953, 954 (5th Cir. 2009), the Court need not reach the alternative ground upon which Dollar General seeks summary relief – namely, that Cone

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendant's motion for summary judgment is GRANTED; the plaintiff's case is hereby dismissed.

New Orleans, Louisiana, March 11, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

cannot sustain her burden of establishing that the milk tab caused her to slip.